UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Moises A. Negron-Soto,<br><br>PETITIONER<br><br>v.<br><br>Stevie Knight, Warden,<br><br>RESPONDENT | Case No. 4:21-cv-00456-TLW-TER<br><br><br>**Order** |

Petitioner Moises A. Negron-Soto, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. In the Report, the magistrate judge recommends that the petition be dismissed pursuant to Rule 41(b) for failure to prosecute or comply with a court order. Petitioner filed objections to the Report. This matter is now ripe for decision.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In the absence of objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident*

1

*Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The only question at issue here is whether Petitioner's case should be dismissed based on his asserted failure to pay the five-dollar filing fee required for a habeas petition. The status of his filing fee is not entirely clear, but in this situation, the Court concludes that his case should be allowed to proceed.

At the outset, Petitioner included with his petition a copy of a BOP form requesting the withdrawal of five dollars from his inmate account for payment of the filing fee. The form contains a large notation across the front that lists the intended recipient—the Clerk of Court—and the amount, which indicates that the BOP received the form. ECF No. 1-1 at 13. However, the Court's docket does not reflect that the Clerk received the payment.

Because the Court's docket does not reflect that the Clerk received the payment, the magistrate judge properly issued an order giving Petitioner 21 days to either pay the filing fee or file an *in forma pauperis* motion. ECF No. 6. After that time came and went without a payment being reflected on the docket, an *in forma pauperis* motion being filed, or a response of any kind being filed, the magistrate judge issued the Report, recommending that the petition be dismissed for failure to prosecute or failure to comply with a court order. ECF No. 11. Petitioner objected to the dismissal of his petition, claiming that after he received the prior order, he sent another request for the BOP to deduct the filing fee from his inmate account. ECF No. 13 at 1. He included with his objections a statement from his inmate account

indicating that the withdrawal request was received on March 9, 2021 and carried out on March 12, 2021. ECF No. 13-1 at 2. However, that payment is still not reflected on the Court's docket and personnel in the Clerk's office have informed the Court that payment has not been received.

Nevertheless, under the facts of this case, where Petitioner has provided documentation reflecting his multiple attempts to pay the filing fee and where he does not directly control the payment of the fee due to him being incarcerated, the Court concludes that his case should be allowed to proceed. To do otherwise would simply generate the filing of more documents that further complicate this issue, all over five dollars. Rather than set that process in motion, in light of the provided documents, the Court simply will allow the case to proceed because the Court cannot conclude from this record that he either willfully failed to prosecute his case or willfully failed to comply with a court order. Accordingly, his objections to the Report, ECF No. 13, are **SUSTAINED**.

This matter is recommitted to the magistrate judge for further proceedings.

**IT IS SO ORDERED.**[1]

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

July 29, 2021
Columbia, South Carolina

---

[1] Also pending on the docket is a document entitled "Emergency Motion Pursuant to 28 U.S.C. § 2241 and Notice for Immediate Consideration." ECF No. 2. The relief requested in the motion is substantially the same relief requested in the petition. The arguments he raises in the motion will be considered in conjunction with consideration of his petition. Accordingly, the motion is **TERMINATED AS MOOT**.

3