IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Moises A. Negron-Soto, # 51846-069,<br><br>PETITIONER,<br><br>v.<br><br>Steve Knight, Warden,<br><br>RESPONDENT. | Civil Action No. 4:21-cv-00456-TLW<br><br>**Order** |

    This is a *pro se* action filed by a federal prisoner, Moises A. Negron-Soto ("Petitioner"). ECF No. 1. This matter now comes before the Court for review of the Report and Recommendation ("Report") filed by United States Magistrate Judge Thomas E. Rogers, III. ECF No. 22. Petitioner has not filed objections to the Report. This matter is now ripe for the Court's review.

    On February 12, 2021, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Thereafter, the magistrate judge issued a proper form order and subsequently issued a report and recommendation recommending that Petitioner's petition be dismissed without prejudice for failing to pay the filing fee. ECF Nos. 6 & 11. Petitioner filed objections to this report and provided evidence that he had attempted to pay the filing fee. ECF No. 13. This Court sustained Petitioner's objections and instructed the magistrate judge to analyze the merits of the petition. ECF No. 17.

    As to the merits of the petition: Petitioner asserts that he earned time credits per the First Step Act, 18 U.S.C § 3632(d)(4)(A). ECF No. 1 at 2. Petitioner asserts he

filed a BP-9 and BP-10 and that further steps of exhaustion are futile. ECF No. 1 at 6) Petitioner argues the Bureau of Prisons has failed to apply his earned time credits for the "Evidence-Based Recidivism reduction Programming" under the First Step Act, 18 U.S.C. § 3632(d)(4)(A) and that he should be granted 365 days of credit. ECF No. 1 at 8–9.

The magistrate judge issued the instant Report addressing these arguments. ECF No. 22. He concluded that Petitioner's action is subject to dismissal as premature. *Id.* at 3. In support of this conclusion, the magistrate judge specifically noted that "§ 3621(h)(4) of the FSA provides a two-year deadline to implement the program at issue, and that deadline has not yet expired. Hence, the BOP is under no obligation to act before the deadline has passed[.]" *Id.* Accordingly, the magistrate judge recommended that the petition be dismissed without prejudice because Petitioner's "action is not yet ripe as BOP is not statutorily obligated to act yet." *Id.* Petitioner did not file any objections to the Report.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However,

> the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed the Report, the objections, and relevant filings. According to the magistrate judge, Petitioner's action would not be ripe until January of 2022. ECF No. 22 at 3. Notably, according to the Bureau of Prison's records, Petitioner was released in January of 2022. Accordingly, considering his release, the writ of habeas corpus is no longer available to Petitioner because he is no longer in custody and this Court no longer has jurisdiction over this action. *See* 28 U.S.C. § 2241(c)(1) ("The writ of habeas corpus shall not extent to a prisoner *unless* . . . he *is in custody* . . . .") (emphasis added); *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983) ("If intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented. Ross's release has had the effect of destroying the case or controversy concerning the facial validity of the regulations."). The relief sought by Petitioner is now moot. Accordingly, for the reasons stated herein, Petitioner's petition, ECF No. 1, is now **MOOT** and this action 1, is **DISMISSED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

                   *s/Terry L. Wooten*
                   Senior United States District Judge

January 17, 2023
Columbia, South Carolina